## James K. Eagle v. Henry H. Troup et al.

1. APPELLATE COURT PRACTICE—*Consideration of Alleged Errors.*— Whether instructions given and refused were strictly accurate, in all respects, as applied to the facts of a case, need not be considered in a

court of appeal if it appears from the evidence and the verdict, that the giving and refusing of them did no harm to the appellant.

2. CONTRACTS—*A Contract Construed.*—A person entered into a contract not to sell lumber in a particular town, or to interfere in any way with the lumber business in such town. *Held,* that sales made in such town, of lumber to be used there, but to be delivered to purchasers in other places, were violations of the contract.

Assumpsit, on a special contract. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

PADDOCK & COOPER, attorneys for appellant.

T. P. BONFIELD, W. R. HUNTER and H. K. WHEELER, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in assumpsit by appellees, under the firm name of H. H. Troup & Co., against appellant, to recover damages for the violation of a good-will contract between them, given in consideration of a sale of appellant's lumber yard in Kankakee, to appellees, dated March 5, 1891.

The contract sued on provides that appellant would not " enter into the lumber business in any way, shape or form, nor sell lumber or building material on commission or for friendship, or in any way interfere with the lumber business in Kankakee (and other places named), as long as appellees remained in the lumber business in Kankakee, Illinois," and appellant agreed that he would pay to appellees " $100 for every offense committed by interfering in any way with the lumber business in the town, as stated above."

The case was tried by a jury, and there was a verdict in appellee's favor of $1,290, and judgment was rendered thereon by the court in favor of appellees.

The appellant objects to the giving of appellees' instruction No. 1, as follows: " You have no right to charge the sum of $100 for each violation, unless you find from the evidence that the said amount was fixed by the parties as a

penalty to secure the performance of the contract;" and it is objected that the court erred in refusing instructions Nos. 16 and 17, offered by appellant, also in relation to the penalty; and in refusing appellant's refused instruction No. 13, in regard to the burden of proof.

Whether the instructions were strictly accurate in all respects, as applied to the facts of the case, we need not consider, as, under the evidence and verdict of the jury, the giving and refusing of them worked no harm to the appellant. It is insisted that the $100 named in the contract for violation thereof should be regarded as a penalty, and not as liquidated damages.

Whether this is so or not, the jury must have held it as a penalty, and not as liquidated damages; otherwise the verdict would have been six to ten thousand dollars, instead of $1,290.

It seems from the evidence that the verdict is largely within the bounds of the actual damages even, and the evidence would have justified a much larger amount for actual damages.

The evidence tends strongly to show that appellant never intended to abide by the contract, and deliberately and willfully violated it.

The device of selling to customers in Kankakee, and delivering in Chicago and other places, can not avail appellant.

Such sales interfered with appellee's business the same as in Kankakee.

The technical objection as to the introduction of evidence, contents of books, telegrams, etc., if error at all, is not reversible error.

Seeing no serious error in the record, the judgment of the court below is affirmed.